NO. 07-06-0063-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 7, 2006

______________________________

DARRELL HARPER,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 100th DISTRICT COURT OF DONLEY COUNTY;

NO. 3376; HON. DAVID M. McCOY, PRESIDING

_______________________________

ON ABATEMENT AND REMAND

_______________________________

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Darrell Harper appeals from the judgment of the trial court.  The clerk’s and reporter’s records were due to be filed on February 16, 2006.  On March 6, 2006, the clerk filed her first extension request to file the record because appellant has not paid for the record.

Accordingly, we abate this appeal and remand the cause to the 100th District Court of Donley County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   whether appellant desires to prosecute the appeal;

2.   whether appellant is indigent and entitled to appointed counsel and a free record on appeal; and 

whether the trial court certified appellant’s right to appeal.

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall then file the supplemental record and reporter’s record transcribing the hearing with the clerk of this court on or before April 6, 2006.  Should further time be needed by the trial court to perform these tasks, then same must be requested before April 6, 2006.

It is so ordered.

Per Curiam

Do not publish.åßÑOhio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, the appeal is dismissed for want of jurisdiction and counsel’s motion to withdraw is rendered moot.

Don H. Reavis

     Justice

Do not publish.